cation of the proclamation to these cases cannot prevail, and that I am precluded from proceeding further in this inquiry.

If these parties or any of them are entitled to relief, they must seek it from the officers or tribunals which are authorized to afford it.

## Case No. 4,605.

FAGAN et al v. The PLUTO.

[N. Y. Times, April 24, 1857.]

Circuit Court, S. D. New York. April 23, 1857.

Mr. Benedict and Mr. Malcolm, for appellants.

Mr. Bryan, for appellee.

NELSON, Circuit Justice. This libel was filed by the owners of the schooner Charles Hopkins against the Pluto, to recover damages for a collision in the East river. The wind was southwest and the tide ebb; the schooner was beating down the river on her larboard tack, and was crossing from the Brooklyn to the New York side, towards the foot of Jackson street; the Pluto was coming up the river on the New York side, with a heavy tow on her larboard quarter; she was ascending against the tide at a rate of speed not to exceed a quarter or a half mile an hour. The schooner came about nearly ahead of the tug, and sagged down upon her, causing the damage that occurred. The person in charge of her did not see the Pluto until he had come about, or was in the act of coming about. He might have run nearer the New York shore with safety before he tacked, and thus have avoided the collision. The tug stopped immediately, and seems to have done everything, under the circumstances, in her power to prevent the in-

jury. It is apparent that the cause of it is attributed to the want of a proper lookout on the schooner. If the hands had seen the tug in time, the collision could have been easily avoided.

It is said that the Pluto was in fault in not being in the middle of the river, or as near as might be, regard being had to other vessels navigating it, as directed by the state law. But it does not appear that this omission led to the collision, or in any way contributed to it. It furnished no reason for the schooner's unnecessarily tacking about ahead of the steamer. This was gross inattention to duty on the part of the person in charge of the vessel. The schooner at the time was not in command of its ordinary master, but in charge of one temporarily engaged, and who was manifestly incompetent to navigate her at a place where skill and attention were indispensable.

The decree of the court below, dismissing the libel, we think is right, and should be affirmed.

## Case No. 4,606.

FAILING v. STARK.

[See Starr v. Stark, Case No. 13,317, note.]

## Case No. 4,607.

The FAIRBANKS.

## Case No. 4,608.

FAIRBANKS et al. v. JACOBUS.

[14 Blatchf. 337; 3 Ban. & A. 108.][1]

Circuit Court, S. D. New York. Oct. 15, 1877.

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge; reprinted in 3 Ban. & A. 108, and here republished by permission.]